So this is this doesn't work. Clock is not working. So you're saving three minutes for rebuttal. I will give you a two minute warning when you've hit five minutes. Thank you. All right. And we'll do the best that we can. Okay. Okay. I think you can start. All right. Good morning, Your Honors. My name is Marsha Taubman as I represent Sean Robinson. Um, this was a case with a multitude of issues stemming from the sloppiness of the sentencing proceeding. All of those issues except for one is precluded by the appeal waiver. So I'm going to focus on restitution. Um, my client was charged with being a leader and organizer, helping plan a conspiracy to rob a bunch of stores in New York, Connecticut, New Jersey, using the smash smash and grab method. The, um, the indictment charged, uh, in the Overt Act, one additional robbery, but my client was not alleged to have participated in it. The Cartier robbery? The Cartier robbery. There was an additional robbery that was not charged in the indictment. Um, and just really basically appeared. It was in earlier indictments, but it was not in the indictment that my client pled to. But didn't your client agree to the restitution amount? That is, uh, I am not sure if we are, uh, considering this as a question of plain error or whether the agreement to the restitution amount was so clear as to constitute a waiver rather than a forfeiture. Well, first of all, uh, I do believe it's plain error. You, you, I mean, in light of the fact that there was zero discussion of restitution in light of the fact that I, I mean, I think a fair reading of the transcript and the, uh, presentence report is that it was basically an error that nobody caught because my client was facing 20 years in prison. And that was what was most important to everyone, certainly to my client. And that it, I, I, there is a difference between the, the Cartier robbery and the Schwarzchild, right? There was mention of the, the Cartier and the Cartier was much in the timeframe within the, uh, New York, uh, general area. One of the biggest differences, the reason the Schwarzchild one is so easy is because my client at the plea colloquy pled to, stated that he had been involved in robberies in New York, New Jersey, and I believe Connecticut, and the Schwarzchild robbery is in Virginia. So not only was it not in the indictment, but with both, with both of those robberies, um, we have no idea what happened there. We don't know if they were smash and grab. We know, um, and the, um. How about the participants? The participants were? In Cartier's, the participants were Hanson and Hardin. Now Hardin is mentioned as a co-conspirator in the indictment, but in the PSR, uh, she's not mentioned as one of his co-conspirators. And, um. I think there is, there is mention of who was involved in the Schwarzchild, but I don't think the district court adopted those paragraphs. I don't believe the district court realized that these were the two. It was confusing because my client committed, uh, agreed to six robberies and he was, he paid restitution. He was ordered restitution on six robberies. The problem was the two of the ones that he had admitted to, they didn't have a verifiable amount. So I, my sincere belief is that the judge just assumed that the six were, were the six that he was, uh, that she had, um, that she knew that he had pled to. Now there's in the plea colloquy and the government's. What is your, there is, there is, uh, evidence in the record to support including the Cartier one. With all due respect. He pled, he pled guilty. He pled guilty to the conspiracy. The Cartier one involved two of the people, two co-defendants. It was within the same general timeframe, within the same general geographic area. That, uh, that looking at the agreement, looking at the, the, the conspiracy in terms of what's foreseeable. Okay. Uh, you have to look at the plea agreement, the plea colloquy and the probation report. Uh, when there's a trial, you look at the indictment, but when there's a plea plea, it's my understanding that the, it's the indictment as defined by the parties and we cite cases in our brief for that. Um, and the Cartier one was just simply out of the agreement. And I think if, if you have any question about whether or not this was inadvertent or intentional, I think the Schwarzschild robbery gives you a good indication that this was inadvertent. Along with, as I said, the multitude of errors and sloppiness in this case that we are not able to, they are insulated from scrutiny because of the appeal waiver. Thank you. We'll hear from the government. Good morning, your honors. May it please the court. My name is Andrea Griswold. I represent the government on appeal and I represented the government in the district court before judge Prescott. I want to focus on the process that was followed in the sentencing proceeding here because I think if we focus on the process, we see that the restitution order that was imposed here was properly imposed and that there is no plain error. But first briefly to your honors question about whether there was waiver. We do believe it would be fair to affirm on the basis of waiver here, but we briefed and also believe that the plain error standard is met here. Um, this was not a restitution order that was jointly proposed by the parties. So I'll proceed with my argument on the plain error standard. The process here was appropriate. Following the defendant's guilty plea, the government prepared a summary for the probation department and a pre-sentence report was prepared. At that point, the government provided factual information of probation that included information about all of the robberies, which Mr. Robinson was ultimately imposed restitution on. It is not unusual for a defendant to see a fact in a PSR for the first time. That's why they have the opportunity as part of the process to review the PSR and object or make comments. And then one of the first things that Judge Pritzker did at the sentencing proceeding was ask the parties if they had an opportunity to review the PSR. And after no objection was made, she made that part of the factual record. What facts are there in the PSR regarding the Schwarzchild robbery? Sure, your honor. The facts in paragraph 36 of the PSR referenced the Schwarzchild robbery. It did occur. The trial court for some reason didn't adopt paragraph 36. Not explicitly, your honor, but at the beginning of the sentencing proceeding, Judge Pritzker did ask the parties whether or not they had reviewed the PSR and had any objections. She said that she was adopting paragraphs 53 through 122. That's at page 89 and 90 of the transcript. And so you're asking us to infer that she also adopted 36, 40, and 48 when there's no reference to them. There's no explicit reference to them, your honor. But I believe the sentencing record on the whole, it's fair to conclude that the factual record as set forth in the PSR was adopted by the court. Judge Pritzker made several specific findings. Counsel argues that it must have been an oversight because it was never mentioned at any time. Let me address that point that it must be an oversight because there are six robberies in Mr. Robinson's plea agreement and restitution was imposed on six and therefore Judge Pritzker must have been confused. I think there's several reasons to conclude that that's not right. One, the $700,000 in losses for Cartier, there was not a single robbery within the plea agreement that had losses anywhere near that high. And it's clear from Judge Pritzker's review of the plea agreement. She went through and actually found an error in the 2B1.1 calculation that she went through each robbery and looked at the loss calculation. The highest additional loss applied under 2B1.1 was $50,000 to $250,000. I agree the Cartier is different from the Schwartzchild. Is there any discussion of the Schwartzchild anywhere? There is not, your honor, and I think that- It also took place in Virginia. It's the only one that wasn't in the northeast region, right? It did, but it took place on August 3rd, 2013, which was during the approximately one-year time period of this robbery. How do we know that it was reasonably foreseeable to Robinson? Is there anything to suggest that it was reasonably foreseeable to him? Yes, your honor. I think that if you look at paragraph 36, the perpetrators who perpetrated that robbery are co-conspirators that Mr. Robinson recruited. He was the leader of this conspiracy because of their robbery prowess and committed other robberies with those- But paragraph 36 wasn't adopted. It wasn't expressly adopted, your honor, but I believe- You're saying it wasn't expressly adopted. What does that mean? It means that I believe that at the beginning of the proceeding when Judge Preska said, asked the parties whether they considered- No, no, no. Just saying, have you read, is not the same thing. It asks a different question from asking whether the court adopted it. I'd like to know where the court implicitly, if you want, but somewhere suggested that this which is the only link as to foreseeability with respect to that robbery was found by the court. Well, the fact that the judge ordered restitution in the amount that she did and to the victim merchants, including Schwarzchild, she did specifically make reference to page 32 of the PSR in ordering restitution in that amount. And I don't believe that that was an oversight by the judge, that she just, as my adversary pointed out, was confused. In fact, there is specific reference in the victim impact section- You said you're thinking there were six robberies that he allocated to, and there are six here listed, and I don't think it would jump at anyone that maybe the six are different, that the two batches are different. I don't think it's a matter of confusion. I think there may be an assumption that these six must be the same six, unless there's some discussion of it, and apparently there was no discussion of it. Well, Your Honor, if I may, in addition to- I don't think it's the six or just the six. If you look at the PSR, and in particular paragraph 48 of the PSR, it specifically notes that there are actually seven different robberies for which victim loss information was provided by the victim merchants. So I think that what the PSR says at paragraph 42 is that Mr. Robinson participated in six robberies and is being held liable for the total loss amount of $1,106,000. But then it actually provides loss information for seven robberies, including $700,000, that clearly does not apply to any of the robberies included in Mr. Robinson's plea agreement. With respect to the question on the PSR, looking at the record again, in adopting paragraphs 53 through 103 of the PSR, that is with respect to the offense level calculation, I think is what Judge Preska says. I think that you can infer from the fact that she imposes restitution, the amounts that she does, and references specifically the breakdown of that at page 32, that she has also accepted the recitation of the basis for that restitution to those victims. And I would point out here that the place for the defendant to object to the imposition of restitution for all of these robberies, which we believe are reasonably foreseeable to him, was at the sentencing proceeding. He was certainly on notice. He could have said, what do you mean Schwartzchild? What do you mean Cartier? There was no objection. Had that objection been made at the sentencing proceeding? And often in the case, you don't get restitution information until after the sentencing. Here it was in the PSR. They could have objected at that point. He didn't. Had he objected, then of course the record that we have would have been further expanded on. What you are saying is that this is one of those reasons why we apply plain error strictly, because it is a sandbagging kind of situation. I'm not saying that that's what this defendant did, but it allows the possibility of sandbagging by keeping quiet and not having corrected what the error that now they object to is. Exactly, Your Honor. We submit there is no error, but that if there is an error, it is not plain error. And that by not objecting at the time, the defendant is essentially objecting to he had the opportunity to make the record. He didn't make it. And now he is faulting the district court for that. Had the opportunity, had an objection been raised then, there is certainly enough in the record that would have been then expounded upon at the sentencing proceeding to establish that the August 3, 2013 robbery, which was a robbery of a jewelry store by the same co-conspirators with the same methods, that by the perpetrators that had been recruited by the architect of the scheme, the defendant in this case, was reasonably foreseeable to him. And that the losses sustained by those victims, even though he didn't directly participate in that robbery, were appropriately applied to him for restitution purposes. I don't know where I am on time, Your Honor. You have two minutes left if you'd like. No, unless the court has further questions. Thank you, Your Honors. Thank you. We'll hear the rebuttal. Just to start, my adversary here, as in her brief, is making claims of fact that are not in the record. There is nothing in the record that says that those two robberies were committed in a similar manner as the ones that my client was pled guilty to. There is simply no evidence at all about those. And even that paragraph How do you respond to the argument that there was no objection? It's spelled out, Schwarzschild, Shuler, something. Well, it's spelled out in the PSR, but it was not spelled out in the It wasn't, they weren't mentioned at sentencing, as far as I can recall. I think that's correct. I mean, there is a mention in paragraphs 36 and 48. Paragraph 36 says, Your Honor, that Williams admitted If there had been an objection, this could have been fleshed out and a decision made. With all due respect, it wasn't our burden. I mean, there is still the Well, if you don't object There is a preponderance of evidence standard. If you don't object, that certainly Then we are at plain error here. But it doesn't mean that the prosecution has no responsibility To prove that these robberies were part of the conspiracy And were reasonably foreseeable to my client. I just want to go back to paragraph 36 for one second, if I might. It says that Allyn Williams admitted to participating In a bunch of robberies, including Cartier and Schwarzschild. It says nothing about it being part of the conspiracy. It says nothing about my client being involved. I don't Well, in paragraph 48, it refers to It says the conspiracy caused at least 1,106,000 Right, but if you go to paragraph 27 And there it mentions Schwarzschild. In paragraph 27, which I think is a key paragraph here It lists It says The following pertains only to the robberies in which Robinson was involved. Robinson was an organizer or leader of the robberies. In other words, the PSR is only connecting him up to the robberies That were discussed in the PSR as The beginning of that paragraph does refer to Virginia, New York, New Jersey, and Virginia. It says they start in the course of these robberies The robbers identified, it does not mention one of the It says the robbers identified as Williams, Grant, etc., etc. It does not mention one of the Cartier robbers, so All right, we're out of time. Okay. Thank you. Thank you. Thank you.